UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AMIR KAKI, M.D.**, *an individual,*
and **MAHIR ELDER, M.D.**, *an individual,*

    Plaintiffs,

vs.

**TENET HEALTHCARE CORPORATION**, *et al.*

    Defendants.
_____/

Case No.: 20-cv-10004
Hon. Arthur J. Tarnow
Mag. David R. Grand

## DEFENDANTS' MOTION TO VACATE ARBITRATION AWARD

## ORAL ARGUMENT REQUESTED

Defendants Tenet Healthcare Corporation *et al.* move to vacate the Arbitration Award entered on December 18, 2020 for the reasons set forth below and more fully explained in the accompanying Brief in Support of Defendants' Motion to Vacate Arbitration Award.

1. Under federal and state law, a hospital's "governing body" has the obligation and authority to appoint the members of its medical staff. The governing body must consider a number of factors to determine who can earn privileges in its facility, including the "individual character, competence, training,

1

experience, and judgment" of the person seeking privileges. 42 C.F.R. § 482.12(a). This responsibility is vested in the governing body and no one else.

2. Here, Defendants' Governing Body did exactly what the law requires. DMC went through an eight-step exhaustive process to evaluate Plaintiffs Mahir Elder's and Amir Kaki's applications for a new two-year term of membership and privileges as cardiologists on the Detroit Medical Center's ("DMC") medical staff.

3. After more than a year of review and completion of this eight-step process, the Governing Body denied the applications because it determined that the Plaintiffs lacked the character, judgment, ethics, and ability to work with others in an environment where good judgment and collegiality are crucial.

4. On November 8, 2019, Plaintiffs Mahir Elder and Amir Kaki initiated an action in Wayne County Circuit Court.

5. On January 2, 2020, Defendants removed the case to this Court based on federal-question jurisdiction.

6. On February 20, 2020, this Court entered a Stipulated Order to Compel Arbitration, pursuant to which the parties sent their dispute to JAMS arbitration. The Defendants do not contest the Arbitrator's underlying authority to arbitrate this dispute.

7. On December 18, 2020, the Arbitrator issued the Award, usurping the Governing Body's authority and ordering Defendants to grant Plaintiffs both

significant money damages *and* a new term of membership and privileges on DMC's medical staff.

8. On January 4, Plaintiffs moved this Court for an order confirming the Award. (ECF No. 10, PageID.528.) This is same the Award that Defendants seek to vacate. Accordingly, the Court has allowed Defendants' motion to vacate and the supporting brief to also serve as their response to the motion to confirm. (ECF No. 26, PageID.1012.)

9. The Arbitrator's Award is marred by manifest disregard for the law.

10. Among other things, The Arbitrator overrode specific statutory requirements by denying Defendants immunity from money damages under the Health Care Quality Improvement Act ("HCQIA"). This decision is manifestly incorrect because it was based on a misstatement of the governing standard, contradicted the plain language of HCQIA, and ignored binding Sixth Circuit precedent.

11. The Arbitrator's decision to reject the party's agreement releasing the Hospital from all damages connected to the privileging decision is also manifestly wrong because, *inter alia*, it conflicts with the Arbitrator's decision that the individuals on the Governing Body who made the decision to deny new privileges acted with good intent and without malice. This ruling further conflicts with the

3

Arbitrator's ruling that the decision to not grant new privileges was made "in the furtherance" of providing quality healthcare. The release is effective.

12. The Arbitrator manifestly disregarded the law by ordering both "reinstatement" of membership and "front pay" under the False Claims Act ("FCA"). Reinstatement of privileges and "front pay" are not an appropriate remedy because the FCA limits that remedy to complainants who are employees, contractors or agents of a defendant. Physicians are not employees, agents or contractors of the hospital that grants them privileges. Moreover, a successful litigant cannot be awarded both reinstatement and front pay because it results in a double recovery. Perhaps most importantly, the "reinstatement" award is not appropriate because it illegally interferes with the DMC Governing Body's ability to choose its medical staff and would undermines DMC's ability to provide quality healthcare.

13. This motion is supported the by the accompanying Brief in Support of Motion to Vacate Arbitration Award and the exhibits attached to this Motion.

14. The Arbitrator also awarded $1 million each to Plaintiffs as exemplary damages, other injunctive relief, attorney fees, and costs. Except as otherwise noted below, Defendants are not challenging these portions of the Award.

4

15. Defendants are also not challenging the Arbitration Award's grant of permanent injunctive relief prohibiting the Defendants from making a report about the April 2020 Governing Board decision to the National Practitioner Data Bank.

15. Pursuant to L.R. 7.1, Defendants sought Plaintiffs' concurrence in the instant motion on January 22, 2021. Plaintiffs did not concur.

ACCORDINGLY, Defendants respectfully request that this Court grant Defendants' Motion to Vacate Arbitration Award and provide the following relief:

a. Vacate the Arbitration Award's grant of money damages relating to the DMC Governing Body's decision to not grant Defendants a new term of membership and privileges on DMC's medical staff as barred by HCQIA;

b. Vacate the Arbitration Award's imposition of liability, monetary relief, and injunctive relief relating to the DMC Governing Body's decision not to grant a new term of membership and privileges on DMC's medical staff because the Plaintiffs released any claims for such relief;

c. Vacate the Arbitration Award's grant of permanent injunctive relief requiring Defendants to provide DMC medical-staff membership and privileges for a term of at least one year;

    d. Vacate the Arbitration Award's unilateral extension of an expired lease between the parties because the lease terminated by its plain language as soon as new privileges were not granted;

    e. Remand the case to JAMs for revision of the Award in accordance with this Court's order to the extent the Court deems necessary; and

    f. Award any such additional relief as this Court determines is necessary.

Dated: January 22, 2021                                    Respectfully submitted,

*/s/ Matthew T. Nelson*
CHARLES N. ASH JR. (P55941)
MATTHEW T. NELSON (P64768)
DEVIN SCHINDLER (P41371)
CONOR B. DUGAN (P66901)
Warner Norcross + Judd LLP
Attorneys for Defendants
1500 Warner Building
150 Ottawa Ave. N.W.
Grand Rapids, MI 49503
T: (616) 752-2000 | F: (616) 752-2500
cash@wnj.com
mnelson@wnj.com
dschindler@wnj.com
conor.dugan@wnj.com

THOMAS R. PAXTON (P36214)
SHARON RAE GROSS (P42514)
JACLYN E. CULLER (P83220)
Ogletree, Deakins, Nash,
Smoak & Stewart, PLLC
Attorneys for Defendants
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009

        T: (248) 593-6400 | F: (248) 283-2925
        thomas.paxton@ogletree.com
        rae.gross@ogletree.com
        jaclyn.culler@ogletree.com

        BENJAMIN W. JEFFERS (P57161)
        Hickey Hauck Bishoff & Jeffers, PLLC
        Attorney for Defendants
        One Woodward Avenue, Suite 2000
        Detroit, MI 48226
        T: (313) 964-8600
        bjeffers@hhbjs.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

*/s/ Matthew T. Nelson*
CHARLES N. ASH JR. (P55941)
MATTHEW T. NELSON (P64768)
DEVIN SCHINDLER (P41371)
CONOR B. DUGAN (P66901)
Warner Norcross & Judd LLP
Attorneys for Defendants
1500 Warner Building
150 Ottawa Ave. N.W.
Grand Rapids, MI 49503
T: (616) 752-2000 | F: (616) 752-2500
cash@wnj.com
mnelson@wnj.com
dschindler@wnj.com
conor.dugan@wnj.com

21231611-5