UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DR. AMIR KAKI, M.D., ET AL, | |
| | Case No. 20-10004 |
| Plaintiffs, | |
| | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| | |
| TENET HEALTHCARE CORPORATION, ET AL, | U.S. MAGISTRATE JUDGE DAVID R. GRAND |
| | |
| Defendant. | |

_____/

**ORDER DIRECTING DEPOSIT OF SETTLEMENT FUNDS WITH THE CLERK OF COURT AND DISTRIBUTION OF CERTAIN SETTLEMENT FUNDS**

A dispute exists between Dr. Elder, Deborah Gordon, and Deborah Gordon Law ("DLG") as to the amount of fees owing from Dr. Elder to Gordon. Neither current counsel for Dr. Elder nor counsel for Defendants have asserted the existence of any dispute as to the amount of costs owing from Dr. Elder to Gordon.

Tenet Healthcare Corporation, and its subsidiaries, affiliates, agents, and other representatives ("Tenet") and Dr. Elder have entered into a written settlement agreement that fully and finally resolves all claims and disputes among them, as well as with the other Defendants (the "Settlement Agreement"). The Settlement

1

Agreement is a binding, fully integrated contract, which includes all terms and conditions related in any way to the settlement between Tenet and Dr. Elder.

On February 8, 2021, Gordon filed a Notice of Charging Lien arising out of DGL's representation of Dr. Elder. (ECF No. 44). On March 19, 2021, counsel for Dr. Elder filed a Satisfaction of Judgment as to Dr. Elder. (ECF No. 48). It stated in part that "Dr. Elder and the Defendants have reached a resolution, and Dr. Elder acknowledges that his share of said damages, interest, and the pro rata portion of costs . . . has been satisfied." (*Id.* at 2073). In response, Gordon filed an Emergency Motion to Stay Disbursement of Funds and to Set Aside Satisfaction of Judgment. (ECF No. 49). On March 22, 2021, Dr. Elder and Defendants filed a Stipulation Regarding Settlement Funds. (ECF No. 50). The Stipulation states in part that "to date no funds have been disbursed from Defendants to Elder." (*Id.* at 2099).

On March 26, 2021, the Court held a status conference. Four days prior, the Court had requested the parties file a brief status report in advance of the conference. No report was submitted by counsel for Dr. Elder, however, at the status conference, counsel for Dr. Elder informed the Court and Gordon that a lawsuit against DGL had recently been filed in Wayne County Circuit Court. To date, the Court has not received a copy of the Wayne County lawsuit, however, on March 31, 2021, it received documentation from counsel for Dr. Elder that Judge Allen in the Wayne

2

County case plans to "hold off on any motions or orders until [there] is more clarity on the situation." Later the same day, the Court was informed via email that "counsel for Tenet received an email demand from Mr. Abdrabboh, Counsel for Plaintiff Elder, requesting payment of funds to Dr. Elder pursuant to the terms of the confidential Settlement Agreement. In order to avoid a breach of contract claim by failing or refusing to comply with the demand, and absent a court order to the contrary, Tenet intends to make the requested payment to Dr. Elder, pursuant to the terms of the confidential Settlement Agreement."

Because the fee dispute between Dr. Elder and DGL remains ongoing, the Court will direct Tenet to deposit the funds at issue with the Clerk of the Court to avoid potential prejudice to DGL's charging lien. *See United States v. $1,264,000.00 in United States Currency*, 832 F. App'x 367, 371 (6th Cir. 2020) (explaining that "[a]ncillary enforcement jurisdiction stems from a federal court's inherent power to enforce its judgment"); *see also Doxtader v. Sivertsen*, 183 Mich. App. 812, 815 (1990). The relief ordered below has been stipulated to by Gordon, DGL, and Defendants. The Court notes Dr. Elder's objections.

In light of the above, **IT IS HEREBY ORDERED** that:

1. Within five business days of the entry of this Order, Tenet shall deposit with the Clerk of this Court an amount of money equal to the total of all of the

3

settlement payments owed by Tenet to or for the benefit of Dr. Elder under the Settlement Agreement. The amount deposited shall be without regard to the allocation of pro rata shares of costs and attorney fees between Dr. Amir Kaki and Dr. Elder, as to which allocation Tenet has no interest and takes no position.

2. After confirmation by the Clerk of the Court of receipt of the deposit from Tenet, Tenet shall be deemed to have legally satisfied all payment obligations owed to Dr. Elder under the terms of the Settlement Agreement, and all Defendants shall be fully released from any claims whatsoever by Dr. Elder and/or Gordon related to the deposited funds, including but not limited to the charging lien asserted by Deborah Gordon Law.

3. Pursuant to the terms of the Settlement Agreement, the terms of the Settlement Agreement are and shall remain strictly confidential, except as provided below.

4. On or before 5:00 pm on April 2, 2021, Tenet and Dr. Elder shall jointly disclose to Deborah Gordon the amount of money deposited with the Clerk of this Court pursuant to this Order. Upon deposit with the Clerk of this Court, the Clerk shall promptly confirm to Gordon and counsel for Gordon the fact and amount of the deposit.

5. Gordon and counsel for Gordon shall maintain the confidentiality of the amount of money deposited with the Clerk of the Court, as referenced above in paragraphs 1 and 4, and they shall only use that information for the limited purpose of calculating the attorney fees asserted by Deborah Gordon Law as a result of its representation of Dr. Elder in this matter. Gordon shall not disclose the amount deposited by Tenet to Dr. Amir Kaki, nor shall Gordon disclose to Dr. Kaki any calculation of the attorney fee asserted to be owed to Gordon by Dr. Elder. Any motion or other document filed by Gordon specifying, directly or indirectly, the amount deposited with the Clerk of the Court or the amount of attorney fees claimed by Gordon shall be filed under seal.

6. On or before 5:00 pm on April 9, 2021, counsel for Gordon and Dr. Elder shall submit to this Court a stipulation identifying the amounts on deposit with the Clerk of this Court as to which there is no dispute and as to which this Court shall, therefore, order prompt distribution by the Clerk of this Court. The Court reminds all parties of their obligations to act in complete good faith in entering intosaid stipulation and cautions that failure to act in complete good faith can lead to anappropriate award of sanctions.

7. Upon satisfaction of the terms in this Order, Deborah Gordon Law's Motion to Stay Disbursement of Funds and To Set Aside Satisfaction of Judgment (ECF No. 49, PageID.2075-2095) will be withdrawn and shall not be refiled.

**SO ORDERED**.

Dated: March 31, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge