UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Dr. AMIR KAKI, M.D**., *an individual,*
and **Dr. MAHIR ELDER, M.D**.,
*an individual*,

       Plaintiffs,

vs.

**TENET HEALTHCARE CORPORATION**, *et. al.,*

       Defendants.

Case No: 20-cv-10004

Hon. Arthur J. Tarnow

Mag. David R. Grand

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff Dr. Amir Kaki, M.D.
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**WARNER NORCROSS AND JUDD LLP**
Matthew T. Nelson
Attorney for Defendants
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, Michigan 49503
(616) 752-2000
mnelson@wnj.com

**MAF LAW**
Mo Abdrabboh (P61989)
Attorney for Dr. Mahir Elder, M.D.
1360 Porter, Suite 200
Dearborn, Michigan 48124
(313) 582-5800
mabdrabboh@hotmail.com

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC**
Thomas R. Paxton (P36214)
Sharon Rae Gross (P42514)
Jaclyn E. Culler (P83220)
Attorneys for Defendants
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 593-6400
thomas.paxton@ogletree.com
rae.gross@ogletree.com
jaclyn.culler@ogletree.com

**HICKEY HAUCK BISHOFF JEFFERS
&SEABOLT, PLLC**
Benjamin W. Jeffers (P57161)
Attorney for Defendants
One Woodward Ave., Suite 2000
Detroit, Michigan 48226
(313) 964-8600
bjeffers@hhbjs.com

**MOGILL POSNER & COHEN**
Kenneth M. Mogill (P17865)
Attorney for Deborah L. Gordon and
Deborah Gordon Law
kmogill@bignet.net

---

## DEBORAH GORDON LAW'S MOTION TO COMPEL SETTLEMENT AGREEMENT

1.      Deborah Gordon Law and Deborah Gordon (hereinafter "DGL") moves this Court to compel production of Dr. Elder's confidential Settlement Agreement.

2.      Pursuant to L.R. 7.1, DGL sought but did not obtain concurrence in the instant motion.

3.      DGL respectfully requests that this Honorable Court grant its Motion to Compel for the reasons set forth in its attached Brief.

Respectfully submitted,

Dated: April 23, 2021                    **DEBORAH GORDON LAW**
                                        /s/Deborah L. Gordon (P27058)
                                        Elizabeth Marzotto Taylor (P82061)
                                        Attorneys for Plaintiff Dr. Amir Kaki, M.D.
                                        33 Bloomfield Hills Parkway, Suite 220
                                        Bloomfield Hills Michigan 48304
                                        (248) 258-2500
                                        dgordon@deborahgordonlaw.com
                                        emarzottotaylor@deborahgordonlaw.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Dr. AMIR KAKI, M.D**., *an individual,*
and **Dr. MAHIR ELDER, M.D**.,
*an individual,*

       Plaintiffs,

vs.

**TENET HEALTHCARE CORPORATION**, *et. al.,*

       Defendants.

Case No: 20-cv-10004
Hon. Arthur J. Tarnow
Mag. David R. Grand

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff Dr. Amir Kaki, M.D.
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**WARNER NORCROSS AND JUDD LLP**
Matthew T. Nelson
Attorney for Defendants
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, Michigan 49503
(616) 752-2000
mnelson@wnj.com

**MAF LAW**
Mo Abdrabboh (P61989)
Attorney for Dr. Mahir Elder, M.D.
1360 Porter, Suite 200
Dearborn, Michigan 48124
(313) 582-5800
mabdrabboh@hotmail.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC**
Thomas R. Paxton (P36214)
Sharon Rae Gross (P42514)
Jaclyn E. Culler (P83220)
Attorneys for Defendants
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 593-6400
thomas.paxton@ogletree.com
rae.gross@ogletree.com
jaclyn.culler@ogletree.com

**HICKEY HAUCK BISHOFF JEFFERS &SEABOLT, PLLC**
Benjamin W. Jeffers (P57161)
Attorney for Defendants
One Woodward Ave., Suite 2000
Detroit, Michigan 48226
(313) 964-8600
bjeffers@hhbjs.com

**MOGILL POSNER & COHEN**
Kenneth M. Mogill (P17865)
Attorney for Deborah L. Gordon and
Deborah Gordon Law
kmogill@bignet.net

---

# DEBORAH GORDON LAW'S BRIEF IN SUPPORT OF MOTION TO COMPEL SETTLEMENT AGREEMENT

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ii

I.      OVERVIEW ...........................................................................................................1

II.     ANALYSIS ............................................................................................................1

III.    CONCLUSION ......................................................................................................7

# INDEX OF AUTHORITIES

## Cases

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*,
  332 F.3d 976 (6th Cir. 2003) ...............................................................................4

*Hampshire Grp. Ltd. v. Scott James Co.,*
  No. 14CV2637 JGK MHD, 2015 WL 5306232 ............................................6

*Island Lake Arbors Condo. Ass'n v. Meisner & Assocs., PC,*
  301 Mich. App. 384 N.W.2d 439, 449 (2013)................................................4

*McCullough v. Nichols,*
  No. CIV.A. 9404CV0093, 1995 WL 679265, at *1 (Mass. Dist. Aug. 3, 1995) ..........6

*Miller v. Scobie,*
  152 Fla. 328, 11 So.2d 892 (1943) .....................................................................7

*Potluri v. Yalamanchili,*
  No. 06–13517, 2008 WL 2566367, at *2 (E.D. Mich. June 24, 2008) .........................4

*Wagner v. Circle W Mastiffs,*
  *No. 08–431, 2013 WL 2096655, at *4 (S.D. Ohio May 14, 2013)*................................4

*Young v. State Farm Mut. Auto. Ins. Co.,*
  169 F.R.D. 72 (S.D.W. Va. 1996) ....................................................................5

## Rules

Fed. R. Civ. P. 26.............................................................................................4

## I.      OVERVIEW

On March 31, 2021, over the objections of Dr. Elder and Tenet, this Court ordered that the settlement amounts contained in the settlement agreement(s) be produced to Deborah Gordon Law ("DGL") and counsel Kenneth Mogill. ECF No. 57. Based on what has happened since that date, it is clear that the entire settlement agreement(s) must be produced.  There is evidence that Dr. Elder and his counsel engaged in a plan to thwart DGL's ability to obtain her fee, that the Michigan Rules of Professional Conduct were intentionally not followed, and that there was an agreement that Plaintiff Mahir Elder, with whom DGL has a retainer agreement, is not to be the recipient of the proceeds.  Rather, an agreement was made that the funds would be directed to a non-party corporate entity. There is evidence that all of this information was intentionally withheld from DGL, causing the firm an unnecessary expenditure of time and resources, and vexatiously multiplying these proceedings.

Case law clearly allows for the production of the entire agreement and DGL is already bound to keep its contents confidential.   ECF No. 57.

## ANALYSIS

On February 7, 2021, Deborah Gordon advised Dr. Elder that the firm intended to withdraw from its representation of him in this matter for cause pursuant to Mich. R. Prof'l. Conduct. 1.16(b)(3)-(5). Dr. Elder indicated that he desired Ms. Gordon's withdrawal as counsel because she refused to forgo an appropriate attorney fee on any amount obtained above that contained in the Arbitration Award.  On

February 8, 2021, Deborah Gordon Law filed an Attorney Charging Lien with this Court (ECF No. 44) and moved to withdraw as counsel for Dr. Elder, for cause, in the Sixth Circuit. On February 9, 2021, the Sixth Circuit granted Deborah Gordon's motion withdrawing the firm as counsel for Dr. Elder.

Per Michigan Rule of Professional Conduct 1.15(b) and (c), respectively,

"A lawyer shall (1) promptly notify the client or third person when funds or property in which a client or third person have an interest is received..." and "[w]hen two or more persons (one of whom may be the lawyer) claim interest in the property, it shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the property as to which the interests are not in dispute." Michigan Rules of Prof'l Conduct R. 1.15. "The disputed amount may be kept in an IOLTA or non-IOLTA trust account."

Michigan Rules of Prof'l Conduct R.1.15(d). On March 19, 2021, apparently having reached a settlement with Tenet, Dr. Elder and Defendants filed a stipulation to dismiss Defendants/Appellants' appeal in the Sixth Circuit.  Dr. Elder then filed a Satisfaction of Arbitration Award with this Court, indicating that the parties had "reached a resolution." ECF No. 48, PageID.2073. In spite of the charging lien having been filed with the Court, in violation of the MRPC set forth above, DGL was not notified of the settlement (which included proceeds above those in the arbitration award), its amount, or the location of the proceeds, including whether they were being kept separately.  In response to phone inquiries by Ms. Gordon on March 19, Tenet counsel and Mr. Abdrabboh refused to provides any information at all, stating that the agreement was "confidential."

Mr. Abdrabboh called Ms. Gordon the night on March 19, asking whether she would agree to have her fee as to the award only, wired to her account because that portion of the fee "is not in dispute." He refused to say who the "payor" of the funds would be. Ms. Gordon asked "why don't you want to tell me …whose account the check is drawn on?" He responded "I don't know. Maybe that's an answer." That was clearly false. Ms. Gordon responded "it's like something else is going on here…why is this a mystery?" It was later disclosed during a conference with the Court that the funds remained in a Tenet account, were not held separately and that there was no date when the funds would be released to the Plaintiff. It appears that there was a plan to withhold information from DGL and to take steps to make it difficult for her to obtain her fee.

Moreover, as of April 20 and 21, 2021, DGL learned in emails from Dr. Elder and Mr. Abdrabboh, respectively, that in fact the funds were to be disbursed by Tenet, not to Dr. Elder, but rather to a non-party corporate entity. **Exs. A and B**.

In addition, acting in bad faith, Dr. Elder has placed DGL's entire fee in dispute and refused to stipulate that the firm receive any fee, including monies which Dr. Elder previously admitted were not in dispute. See ECF. No. 62, Motion to Disburse. Further, Dr. Elder filed a frivolous complaint against DGL in Wayne County Circuit Court. Dr. Elder requested in a motion for interpleader that the funds now placed with the Clerk of the U.S. District Court be moved to Wayne County Circuit Court. When this Court's Order was imminent, Dr. Elder demanded payment directly from Defendants upon

3

threat of further litigation against them. That was an attempt to thwart this Court's ability to protect DGL's attorney charging lien from prejudice.

This Court has full authority to compel the Settlement Agreement. First, there is no federal privilege preventing the discovery of settlement agreements and related documents. In *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003), the Sixth Circuit recognized a settlement privilege that protects settlement *negotiations* from discovery. However, this privilege does not extend to the terms of the final agreement. *Id.* "In line with this decision, courts within this Circuit have compelled the disclosure of settlement agreements, including a breakdown of the claims actually settled and the settlement amounts." *Wagner v. Circle W Mastiffs, No. 08– 431, 2013 WL 2096655*, at *4 (S.D. Ohio May 14, 2013) (collecting cases). This is true even where the agreement is designated "confidential." *Potluri v. Yalamanchili*, No. 06– 13517, 2008 WL 2566367, at *2 (E.D. Mich. June 24, 2008) ("[A] confidential settlement agreement is discoverable, subject to relevancy considerations and the strictures of Fed. R. Civ. P. 26.").

The confidential Settlement Agreement has become highly relevant. Dr. Elder and his counsel, along with Tenet counsel, appear to have intentionally created an agreement designed to obfuscate. Mr. Abdrabboh has intentionally withheld important information relevant to the stipulations to disbursement and DGL's ability to obtain any fee at all. In *Island Lake Arbors Condo. Ass'n v. Meisner & Assocs., PC*, 301 Mich. App. 384, 402, 837 N.W.2d 439, 449 (2013), the parties were involved in a fee dispute in a

4

similar posture, and the court remanded the case so the attorney could access his former client's confidential settlement agreement. The plaintiff, Island Lake Arbors, brought suit against a building company, and hired Meisner and Associates as its attorney. Meisner's retainer provided for a hybrid compensation arrangement; Island Lake agreed to pay Meisner a reduced hourly rate supplemented by a 12 percent contingency fee, which would be calculated based on the cash value of any judgment or settlement reached with the building company. Meisner represented Island Lake for 18 months, until Island Lake terminated Meisner and hired different counsel.  When Meisner claimed an attorney's charging lien on the recovery, Island Lake brought a declaratory judgment action, asserting that it owed Meisner no additional legal fees.

The court remanded the case to the trial court to parse through the details of what Meisner was owed, and in doing so, noted that the confidential settlement agreement was "highly relevant" to this determination and the settlement agreement must be produced, even over Island Lake's objection. . . While Island Lake and [the building company] have agreed to keep the terms of their settlement confidential, we have been presented with no information suggesting that the settlement terms are subject to any privilege from disclosure[.]"). *Id.*

Similarly, in *Young v. State Farm Mut. Auto. Ins. Co.,* 169 F.R.D. 72, 79 (S.D.W. Va. 1996), a group of attorneys brought suit to recover their share of attorney's fees arising out of a settlement after trial, and were permitted access to the confidential settlement agreement. The attorneys had represented a personal injury plaintiff in a jury trial

following a car accident, resulting in a 15-million-dollar verdict. After the trial, the plaintiff sued the insurance company for bad faith dealings during trial. State Farm settled that matter and the parties entered into a confidential settlement agreement. The group of attorneys who represented the injured plaintiff during trial then brought suit to recover their portion of that settlement, and in doing so, moved to compel the confidential settlement agreement.

The court granted the attorneys' motion to compel the confidential settlement agreement. It stated that "the settlement agreement contains specific terms bearing on the disposition of files and the relationships among attorneys and represented parties which directly affect this litigation." In addition, the court noted that there was an indication that the group of attorneys should receive a contingent fee on both the underlying action and the subsequent settlement. Thus, the confidential settlement agreement was relevant, and "If the confidentiality provision were enforced against [the group of attorneys]", the court found, "then [the attorneys] would probably be blocked in their efforts to obtain documentary and testamentary evidence concerning any agreement concerning their fees." *Id. See also McCullough v. Nichols*, No. CIV.A. 9404CV0093, 1995 WL 679265, at *1 (Mass. Dist. Aug. 3, 1995) (where the court held that the plaintiff-attorneys were entitled to discover the confidential settlement agreements between their former clients and third parties for purposes of proving the reasonable value of the attorney's fees that plaintiff-attorneys sought to recover); *Hampshire Grp. Ltd. v. Scott James Co.,* No. 14CV2637 JGK MHD, 2015 WL 5306232, at

*18 (S.D.N.Y. July 27, 2015) (granting the attorney an opportunity to view former client's confidential settlement agreement in order to determine his own fees).

DGL is entitled to access the confidential settlement agreement to understand what terms Dr. Elder and Tenet negotiated for. This has to do not only with DGL's ability to litigate her fee dispute, but also DGL's claims that Dr. Elder has attempted to circumvent her fee and possibly engage in fraud, making the entire agreement—not just the settlement amount—relevant. *See Miller v. Scobie*, 152 Fla. 328, 11 So.2d 892, 894 (1943) ("[A]ny settlement without notice to a party's attorney and without payment of the attorney's fee "is a fraud on them whether there was an intent to do so or not.").

Finally, privacy concerns are not at issue here. DGL is already required by this Court to keep the settlement agreement confidential. In this Court's order of March 31, 2021, the Court mandated that "the terms of the Settlement Agreement are and shall remain strictly confidential." (ECF No. 57). If requested, however, DGL will agree to an additional protective order to ensure the agreement is not publicly disclosed.

## II.   CONCLUSION

Based on the foregoing facts and law, Deborah Gordon Law respectfully requests that this Court grant its Motion to Compel the Confidential Settlement Agreement.

Respectfully submitted,

Dated: April 23, 2021                 **DEBORAH GORDON LAW**
                                      /s/Deborah L. Gordon (P27058)
                                      Elizabeth Marzotto Taylor (P82061)

Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff, Dr. Amir Kaki, M.D.
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff, Dr. Amir Kaki, M.D.
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com