UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AMIR KAKI,**<br><br>Plaintiff,<br><br>vs.<br><br>**TENET HEALTHCARE CORP.,** et al.,<br><br>Defendants. | 2:20-CV-10004-TGB-DRG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR REVIEW OF TAXED BILL OF COSTS**<br><br>**(ECF NO. 112)** |

This matter is before the Court on Defendants' motion for review of the decision by the Clerk of Court to deny Defendants' taxed bill of costs. ECF No. 112. Defendants filed a request to tax to Plaintiff the costs Defendants incurred by filing their notices of appeal and paying premiums on the supersedeas bond they obtained while the case was pending before the U.S. Court of Appeals for the Sixth Circuit. The Clerk denied Defendants' bill of costs, and they now ask the Court to review that denial. For the reasons explained below, Defendants' request to tax costs is **DENIED**.

## I.   BACKGROUND

On January 4, 2021, Plaintiff Amir Kaki moved this Court to confirm an arbitration award issued in his favor in December 2020. ECF No. 10. On February 1, 2021, the Court granted Plaintiff's motion to confirm the arbitration award. ECF No. 40. Immediately thereafter,

1

Defendants filed a notice of appeal. ECF No. 41. On June 29, 2022, the Sixth Circuit issued an order and judgment in Defendants' appeal. ECF Nos. 98, 99. Applying the Supreme Court's decision in *Badgerow v. Walters*, 142 S. Ct. 1310 (2022), not yet decided at the time of the Court's Order confirming the arbitration award, the Sixth Circuit concluded that this Court lacked federal question jurisdiction to confirm the arbitration award. Consequently, the Sixth Circuit "vacate[d] the district court's order and remand[ed] to that court with instructions that it remand this case to state court for lack of federal subject-matter jurisdiction." *Kaki v. Tenet Healthcare Corp.*, No. 21-1100, 2022 WL 3452380, at *1 (6th Cir. June 29, 2022).

On July 22, 2022, the Sixth Circuit issued its mandate. The mandate included an annotation regarding costs, which stated as follows: "COSTS: None." ECF No. 100. This Court later entered final judgment, dismissing the case for lack of jurisdiction to permit the parties to resolve the issue in state court. ECF No. 115.

Prior to the entry of the order of dismissal, Defendants filed a bill of costs with the Clerk of Court for the Eastern District of Michigan.[1] ECF No. 110. Defendants requested $1,010 for the cost of filing their appeals, and $113,506.25 for costs associated with premiums paid on the

---

[1] Defendants did not file a bill of costs for any costs taxable by the Sixth Circuit. Defendants' Reply in Support of Motion for Review, ECF No. 117, PageID.3414.

2

supersedeas bond secured to stay entry of judgment pending appeal. *Id.* In denying Defendants' taxation request, the Clerk's Office explained that "Costs are denied as no judgment was entered for the defendant. . . . For the defendant to request costs to be taxed, the judgment must specifically be entered in favor of the defendant in the District Court." ECF No. 111, PageID.3169. After the Clerk's Office denied Defendants' bill of costs, Defendants filed the present motion seeking this Court's review.

## II.     LEGAL STANDARD

Federal Rule of Appellate Procedure 39(a) permits costs to be taxed in accordance with the following outcomes on appeal:

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
> (2) if a judgment is affirmed, costs are taxed against the appellant;
> (3) if a judgment is reversed, costs are taxed against the appellee;
> (4) if a judgment is affirmed in part, reversed in part, modified, *or vacated*, costs are taxed only as the court orders.

(emphasis added). As addressed below, the judgment here was vacated, so Rule 39(a)(4) applies. A case under Rule 39(a)(4) requires the court of appeals to determine whether and to whom costs are awarded. *City of San Antonio v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1633–34 (2021).

Rule 39(e) lists the "costs on appeal [that] are taxable in the district court for the benefit of the party entitled costs" under Rule 39(a). Costs taxable in the district court include:
> (1) the preparation and transmission of the record;
> (2) the reporter's transcript, if needed to determine the appeal;

3

 (3) premiums paid for a bond or other security to preserve rights pending appeal; and
 (4) the fee for filing the notice of appeal.

Furthermore, "if a party is awarded costs under [Rule 39(a)], it is 'entitled' to those costs—*i.e.*, has a right to obtain them and not merely to seek them—when a proper application is made in the district court." *Hotels.com*, 141 S. Ct. at 1634.

### III. DISCUSSION
#### A. Whether the Sixth Circuit "Reversed" this Court's Underlying Judgment

The threshold matter in this case is whether the result of the appeal was a reversal automatically entitling Defendants to costs under Rule 39(a)(3), or a vacatur requiring the Sixth Circuit to decide whether Defendants are entitled to costs under Rule 39(a)(4).

The Sixth Circuit's order and judgment unequivocally stated that it "vacate[d]" this Court's underlying judgment. ECF Nos. 98, 99. The Sixth Circuit made no reference to "reversal" or any other disposition besides vacatur and remand. Nonetheless, in their motion, Defendants repeatedly refer to this Court's judgment being "reversed." *See* Defendants' Motion for Review, ECF No. 112, PageID.3176, PageID.3179. Defendants emphasize that "reversed" and "vacated" may be used interchangeably, and courts often conflate the two terms. ECF No. 117, PageID.3415. As such, Defendants insist that their framing of the Sixth Circuit's "reversal" is "not a misrepresentation, but a mere illustration of the haze surrounding these terms." *Id.*

4

But here, any "haze" evaporates in the clarity of the applicable law. Vacatur—not reversal—is the appropriate disposition on appeal where the district court lacked jurisdiction to decide the case. *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021) (explaining that because the habeas petitioner "never cleared the jurisdictional bar necessary for a court to adjudicate his claim[,]. . . we vacate the district court's order and remand with instructions to dismiss the application for lack of subject-matter jurisdiction"); *Hamama v. Adducci*, 912 F.3d 869, 871 (6th Cir. 2018) ("Because we find the district court lacked [] jurisdiction . . ., we VACATE the preliminary injunctions . . . and we REMAND with directions to dismiss [the claims] for lack of jurisdiction."); *Medlen v. Est. of Meyers*, 273 F. App'x 464, 466 (6th Cir. 2008) ("Because the district court erred in finding federal question jurisdiction . . . and because the parties lack the requisite complete diversity to establish diversity jurisdiction, we must vacate the district court's judgment and instruct that this case be remanded to state court.").

Defendants' position that the Sixth Circuit "reversed" this Court's judgment is without merit. Consistent with its practice and precedent, the Sixth Circuit vacated the underlying judgment and remanded with instructions to dismiss for lack of jurisdiction because it concluded that this Court did not have subject matter jurisdiction to confirm the arbitration award. It did not reverse the district court's order.

### B. Whether the Sixth Circuit Awarded Costs to Defendants Under Rule 39(a)(4)

The Sixth Circuit's decision vacating this Court's underlying judgment places this case squarely under Rule 39(a)(4). Accordingly, costs may only be awarded as the Sixth Circuit may order. Under Federal Rule of Appellate Procedure 41(a), a court of appeals mandate generally "consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." Here, the Sixth Circuit's mandate plainly stated that the "costs" in this case were to be "none." ECF No. 100. Although either party could have requested that the Sixth Circuit clarify whether it would permit Defendants to have costs taxed, neither party did so. *See Berthelsen v. Kane*, 907 F.2d 617, 622 (6th Cir. 1990) (clarifying "whether it was the intention of this court to order that the costs incurred by defendant-appellant . . . in securing a supersedeas bond are now taxable against the plaintiff-appellee").

But because the Sixth Circuit's mandate was unequivocally clear that no costs were to be taxed, this Court cannot award costs to Defendants under Rule 39(e). *See Bixby v. KBR, Inc.*, 667 F. App'x 933 (9th Cir. 2016) ("Because this Court has not ordered the taxation of the costs for which Defendants sought an award in the district court, the district court was correct to deny the motion for costs."); *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808–09 (8th Cir. 2007) ("[N]one of the costs listed as taxable under Rule 39(e) are

6

recoverable in [a Rule 39(a)(4)] case unless the appellate court so indicates."); *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328, 1340 (11th Cir. 1997) ("Where this court's order fails to explicitly grant a class of costs, we must interpret that silence as a rejection of those costs.").

The Supreme Court's holding in *City of San Antonio v. Hotels.com,* further supports this outcome. There, the Court held that "courts of appeals have the discretion to apportion all the appellate costs covered by Rule 39 and that district courts cannot alter that allocation." 141 S. Ct. at 1636. While Defendants insist that the Sixth Circuit here "has not addressed costs," ECF No. 117, PageID.3415, the court's mandate itself stated "COSTS: None." ECF No. 100. Therefore, because the Sixth Circuit has determined that no costs are to be awarded based on its vacatur of this Court's judgment, the Court cannot tax any costs for Defendants.

## IV. CONCLUSION

Defendants are not entitled to have costs taxed under Federal Rule of Appellate Procedure 39(e). For the foregoing reasons, Defendants' motion for review of their taxed bill of costs (ECF No. 112) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 10, 2023    s/Terrence G. Berg
                         TERRENCE G. BERG
                         UNITED STATES DISTRICT JUDGE